**Charles Robert GARNER,**
**Plaintiff–Appellant,**

v.

**DELTA AIRLINES INC., a Delaware**
**Company, Defendant–Appellee.**

**No. 04–35414.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2009.

Filed Aug. 17, 2009.

Charles Robert Garner, Federal Way, WA, pro se.

William Henry Boice, Thomas C. French, Esquire, Kilpatrick Stockton, LLP, Atlanta, GA, Nancy Williams, John F. Aslin, Perkins Coie, LLP, Seattle, WA, for Defendant–Appellee.

Appeal from the United States District Court for the Western District of Washington, John C. Coughenour, District Judge, Presiding. D.C. No. CV–02–02009–JCC.

Before: PREGERSON, NOONAN, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Captain Charles Garner ("Garner") appeals the district court's grant of summary judgment in favor of Delta Airlines Inc. ("Delta") on Garner's retaliation claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623(d). We review the district court's grant of summary judgment de novo. *Warren III v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995). We reverse.

To establish a prima facie case of retaliation, Garner must show that: (1) he "engaged in statutorily protected activity"; (2) "he was discharged or suffered some other adverse employment action"; and (3) "there is a causal connection" between the protected activity and the adverse employment action. *O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756, 763 (9th Cir.1996). Only the third element is at issue in this case, because Delta does not dispute that Garner established elements one and two.[1]

To prevail under the summary judgment standard, Garner must present facts supporting a prima facie case of retaliation. *Warren III,* 58 F.3d at 442. If Garner "establishes a prima facie case, the burden of production shifts to [Delta] to articulate a legitimate, non-discriminatory reason" for discharging Garner. *Id.* If Delta does so, Garner must present facts to show that Delta's articulated reason "was merely pretextual." *Id.* A "plaintiff who has established a prima facie case need produce very little evidence of discriminatory motive to raise a genuine issue of fact as to pretext." *Id.* at 443 (internal quotation marks omitted).

Garner presented facts supporting a prima facie case of retaliation. *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987) ("Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision."). Delta then "articulate[d] a legitimate, non-discriminatory reason for [Garner's termination]." *Warren III,* 58 F.3d at 442. Finally, Garner presented enough evidence to raise a genuine issue of fact regarding pretext. *See Coszalter v. City of Salem,* 320 F.3d 968, 978 (9th Cir.2003) (holding that pretext may be found when a company policy is "ambiguous" and the company's enforcement against employees who violate the policy is "inconsistent").

Accordingly, the district court's order granting summary judgment to Delta on

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We find that Garner established elements one and two because he "engaged in statutorily protected activity" and "he was [subsequently] discharged." *Id.*

Garner's retaliation claim is REVERSED and REMANDED for proceedings consistent with this disposition.